IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHRISTOPHER DONNELLY, et al., § | |
| § | |
| Petitioners, § | |
| § | |
| V. § | Civil Action No. 4:15-CV-085-Y |
| § | |
| ANDERS BEHRING BREIVIK, TDCJ; § | |
| FORT WORTH POLICE DEPARTMENT, § | |
| § | |
| Respondents. § | |

**OPINION AND ORDER**

Before the Court is a pleading entitled "Habeas Corpus Relief Under 28 USC 2241 Class Action Lawsuit," sent by Christopher Donnelly to the Clerk of Court for filing. (Pet., ECF No. 1.) After having considered the habeas petition and relief sought by Donnelly on behalf of "Plaintiffs," the Court has concluded that the petition should be summarily dismissed for lack of jurisdiction.

I.  Factual and Procedural History

No form § 2241 habeas petition was filed.[1]  Instead, Donnelly filed the above-referenced pleading, wherein he asserts (all misspellings and punctuation and grammatical errors are in the original):

> This is a class action habeas corpus petition under 28 USC 2241.  Plaintiffs are former inmates with TDCJ, the matter in which plaintiffs sentences and conditions in prison are unconstitutional.  Defendants 1st, 8th

---

[1] Nor was the applicable filing fee submitted.

> Amendment rights are violated for cruel and unusual punishment.  Plaintiffs counsel were inaffective under <u>Strickland v. Washington</u> . . . .   Plaintiffs got innadquate food, no pork, no letuce and vegatibles only 1300 calories a day and moldy bread, unsanity utencils, and undercooked meat.  Defendants violated Plaintiffs privacy, Defendants yelled threats daily, cold showers, cold air vents, rats craw on the floor-some bit plaintiffs.  Plaintiffs received only t-shirt and boxers in a 52° room.  This is cruel and unusual punishment.  Plaintiffs were denied a dentist, no toothpaste, ice cold water in the sinks, no towels, no toilet paper.  Defendants kept the light on all night.  Defendants had dirty floors.  Plaintiffs get no recreation, no good time, no visits, no phone, no medical.  Plaintiffs are denied psych drugs.  This is a deliberate indifference on plaintiffs under <u>Farmer v. Brennan</u>.  Plaintiffs were done with no parole.  Plaintiffs spent additional time in prison past their sentence.  Each plaintiff spent over 1 year past their sentence.  Plaintiffs were denied shoes, plaintiffs recieved no recreation from 2003-2013.  Plaintiffs were all in solitary, no windows, no flushing toilet.  Plaintiffs seek exoneration of their criminal records.  Plaintiffs seek the detainers off of them and immediate release.

(Pet. 1-2, ECF No. 1.)

The petition, signed by nine purported "plaintiffs," reflects that the "plaintiffs" reside in six different states and that none of the "plaintiffs" are currently confined in either the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), or the Fort Worth jail.

## II.  Discussion

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus

2

petition prior to any answer or other pleading by the government.[2] Therefore, no service has issued upon Respondents.

The writ of habeas corpus does not extend to a prisoner unless–

>   (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
>   (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
>   (3)  He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
>   (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
>   (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Moreover, a federal court must have jurisdiction over a prisoner or his custodian at the time a § 2241 is filed. *Lee v. Wetzel,* 244 F.3d 370, 374 (5th Cir. 2001).   The "petitioners" have

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

>   A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

3

neither alleged nor demonstrated that they fall within one of the listed classes of persons who can petition for habeas corpus in federal court or that they are confined within the territorial jurisdiction of this Court. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004). Accordingly, this Court is without jurisdiction to entertain "petitioners" class-action habeas petition under § 2241.

For the reasons discussed, the Court DISMISSES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 brought by Christopher Donnelly on behalf of "plaintiffs" for lack of jurisdiction.

SIGNED February 9, 2015.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

4